UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 18–219 (PAM) |
| Plaintiff, | |
| v. | **ORDER** |
| John Gavitt McKee, | |
| Defendant. | |

This matter is before the Court on Defendant John Gavitt McKee's Motion for Consideration of Compassionate Release. (Docket No. 26.) The Court appointed counsel and set a briefing schedule on McKee's Motion. (Docket Nos. 27–33.) The parties submitted timely briefing and supporting exhibits. (Docket Nos. 35–40.) The Probation and Pretrial Services Office investigated McKee's release plan. (Docket No. 34.) For the reasons discussed below, McKee's Motion is denied.

McKee pled guilty to one count of wire fraud and received a below-guidelines sentence of 60 months' imprisonment followed by a two-year term of supervised released. (Docket No. 24.) McKee was ordered to pay $4,192, 366.65 in restitution. (Id.) To date, McKee has served approximately 18 months or 30% of his sentence.

McKee requested a reduction in sentence based on the COVID-19 pandemic. The warden denied that request and, while this Motion was pending, denied McKee's administrative appeal. The Government does not dispute that McKee has exhausted administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). McKee now seeks reduction of

his sentence from this Court, asserting that, due to his health deficiencies, he is at much higher risk to contract COVID-19 and suffer severe health consequences therefrom.

The U.S. Probation and Pretrial Services Office has conducted an investigation and provided input to the Court on McKee's request.  (Docket No. 34.)  The Probation Office approves of McKee's proposed release residence in St. Louis Park, Minnesota.  (Id.) Additionally, the Probation Office does not recommend any additional special conditions of release should McKee be released.  (Id. at 2.)  McKee has had no disciplinary concerns while incarcerated.

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons."  18 U.S.C. § 3582 (c)(1)(A)(i).  Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).  McKee argues his prediabetes, hypertension, high cholesterol, morbid obesity, reflux disease, sleep apnea, umbilical hernia, and latent tuberculosis infection place him at increased serious risk should he contract COVID-19.  The Government concedes that McKee's morbid obesity represents a "serious physical or medical condition."  The Court considers McKee's hypertension to be a comorbidity to his obesity.

As to McKee's other health conditions, they do not currently constitute the same "serious physical or medical condition."  The CDC notes that diabetes is an elevated risk factor for COVID-19, but there is no indication prediabetes poses a similar threat.  The

same holds true for gastroesophageal reflux disease and sleep apnea. And finally, there is limited data to suggest McKee's latent tuberculosis infection places him at increased risk.[1]

But while McKee's obesity constitutes a serious physical or medical condition during the COVID-19 pandemic, and his other medical conditions supplement that risk, the Court does not find that McKee's ability to provide self-care is substantially diminished. The BOP reports it has tested 386 inmates, 7 tests are pending, and 84 inmates have tested positive for COVID-19 at FCI-Milan. COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last accessed Sept. 3, 2020). Of those persons to date, three FCI-Milan inmates have died from COVID-19, and 90 inmates and 55 staff have recovered after contracting the virus. (Id.) While other courts have squarely reprimanded FCI-Milan's handling of the initial COVID-19 outbreak, e.g., United States v. Wilson, 2020 WL 428 7592, at *4 (S.D. W. Va. July 27, 2020), the facility appears to have instituted policies that keep the prisoners and staff as safe as can be expected during this pandemic, see United States v. Price, 2020 WL 4893068, at *3 (C.D. Ill. Aug. 20, 2020). Indeed, cases appear to be remaining stable or improving. At the time of the parties' briefing, one to two inmates and one staff member were positive for COVID-19. (Docket Nos. 35 at 10; 37 at 14.) The BOP currently reports zero active case of COVID-19 among inmates and one among staff at FCI-Milan. COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last accessed Sept. 3, 2020).

---

[1] The Court also notes that although McKee wanted treatment for his latent tuberculosis infection, he did not want a medical hold that could disrupt a hoped-for transfer to FPC-Duluth. (Docket No. 36, at 71.)

Additionally, when reviewing a request to reduce sentence, the Court should also consider the applicable sentencing factors of 18 U.S.C. § 3553(a).  18 U.S.C. § 3582 (c)(1)(A); United States v. Rodd, 966 F.3d 740, 745, 747 (8th Cir. 2020).  The factors most relevant here is the need of the sentence to reflect the seriousness of the offense, promote the respect for the law, and provide just punishment; to afford adequate deterrence for criminal conduct; and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(A)–(C).  McKee was sentenced to a downward variance of 60 months' imprisonment on a guidelines range of 78 to 97 months.  (Docket No. 25.)  He has served approximately 18 months or 30% of his sentence.  Early release now would not reflect the seriousness of his fraud scheme, would not provide adequate deterrence for criminal conduct, and would not protect the public.  While the Court commends McKee on his stellar record while incarcerated and encourages his continued rehabilitation, his health concerns do not currently outweigh the concerns with respect to the factors outlined in § 3553(a).  Accordingly, McKee's request for compassionate release is denied.

Accordingly, **IT IS HEREBY ORDERED that** Defendant John Gavitt McKee's Motion for Consideration of Compassionate Release (Docket No. 26) is **DENIED**.


Dated:  September 4, 2020              *s/ Paul A. Magnuson*
                                       Paul A. Magnuson
                                       United States District Court Judge